IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRYANT K. MAYBELL,                    )
                                      )
          Petitioner,                 )
                                      )
vs.                                   )   Case No. 13-CV-505-NJR
                                      )
UNITED STATES OF AMERICA,             )
                                      )
          Respondent.                 )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on Petitioner Bryant K. Maybell's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 5). For the reasons set forth below, the motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Underlying Criminal Case

Petitioner Bryant Maybell was a part of a group who called themselves the "JackMob" and sold crack cocaine on Jackson Street in Carbondale, Illinois, from 2005 until early 2009. In November 2008, three members of the group were indicted by a federal grand jury for conspiracy to distribute crack cocaine. *United States v. Wooley, et al.*, SDIL Case No. 3:08-cr-30235, Doc. 1. Four months later, the indictment was superseded to add five more group members, including Maybell, to the conspiracy charge. *Id.* at Doc. 49. Approximately one year later, the indictment was superseded a second time, and in addition to the conspiracy charge, Maybell was charged with two

counts of possession of crack cocaine and one count of distribution of crack cocaine. *Id.* at Doc. 218.

Maybell pleaded guilty to the possession and distribution charges on February 17, 2010, but he elected to go to trial on the conspiracy charge. *United States v. Maybell*, SDIL Case No. 3:08-cr-30235-5, Doc. 257. On July 12, 2010, prior to trial, Maybell was sentenced, on the possession and distribution charges. District Judge G. Patrick Murphy calculated a total offense level of 33 and a criminal history category of five, which resulted in a guideline range of 210 to 262 months. *Id.* at Doc. 310. Judge Murphy sentenced Maybell to 240 months' imprisonment on each charge, with the sentences to run concurrently.[1] *Id.* at Doc. 315.

Shortly after the sentencing, the Government filed a Third Superseding Indictment, which added two counts against a co-defendant but did not alter the conspiracy charge against Maybell. *United States v. Maybell*, SDIL Case No. 3:08-cr-30235-5, Doc. 333. On December 15, 2010, the Government filed a Fourth Superseding Indictment that expanded the dates of the conspiracy to January 2005 through February 2009. *Id.* at Doc. 400. Each time an indictment was filed, the Government filed an Information pursuant to 21 U.S.C. § 851 to establish that Maybell had two prior felony drug convictions for possession of crack cocaine, which increased his potential prison term on each count. *Id.* at Docs. 118, 240, 358, 426.[2]

---

[1] Judge Murphy retired in December 2013. This case was briefly reassigned to District Judge David R. Herndon (*see* Doc. 4), but then transferred to the docket of the undersigned when she took the bench in May 2014 (*see* Doc. 12).

[2] The first was a 2005 conviction for possession of crack cocaine. *United States v. Maybell*, SDIL Case No. 3:08-cr-30235-5, Docs. 240, 490. He was initially sentenced to 60 days' time served and 24 months'

Maybell's trial on the conspiracy charge began on January 24, 2011. *United States v. Maybell*, SDIL Case No. 3:08-cr-30235-5, Doc. 428. After a three day trial, the jury convicted Maybell of conspiracy to distribute crack cocaine. *Id.* at Docs. 433, 436, 438. The jury also returned a special verdict finding beyond a reasonable doubt that Maybell conspired to distribute 50 grams or more of crack cocaine. *Id.* at Doc. 440.

According to the Third Revised Presentence Investigation Report, Maybell's relevant conduct involved 2,898.13 grams of crack cocaine, which resulted in a base offense level of 36. *United States v. Maybell*, SDIL Case No. 3:08-cr-30235-5, Doc. 490. Two more levels were added because Maybell possessed a firearm during the commission of the conspiracy, which resulted in a total offense level of 38. *Id.* His criminal history category was five. *Id.* This resulted in a guideline range of 360 months to life. *Id.* Because of his two previous drug convictions, however, Maybell faced a statutory sentence of life imprisonment. *Id.* On August 8, 2011, at just 26-years-old, Maybell was sentenced to life imprisonment, which was to run concurrently with his previous sentences on the possession and distribution charges. *Id.* at Docs. 501, 506, 507.

Maybell appealed his conviction and sentence. *United States v. Maybell*, SDIL Case No. 3:08-cr-30235-5, Doc. 508. Attorney Hannah V. Garst was appointed to represent Maybell on appeal. *Id.* at Doc. 524. Ms. Garst later sought to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because she considered the appeal to be frivolous. *See id.* at Doc. 554-2 (also available at *United States v. Maybell,* 482 F. App'x

---

probation, but his probation was quickly revoked, and he was sentenced to two years' imprisonment. *Id.* at Doc. 490. The second was a 2008 conviction for possession of crack cocaine. *Id.* at Docs. 240, 490. He was sentenced to 104 days' time served and 24 months' probation. *Id.* at Doc. 490.

171, 175 (7th Cir. 2012)). Maybell was given the opportunity to respond to Ms. Garst's *Anders* brief, but declined to do so. *See id.* The Seventh Circuit determined that any challenges Maybell could have mounted regarding the sufficiency of the evidence, the guidelines calculations, the imposition of an enhanced sentence, or the application of the Fair Sentencing Act would have been frivolous. *Id.* Consequently, Ms. Garst's motion to withdraw was granted, and Maybell's appeal was dismissed. *Id.*

**B. § 2255 Petition**

On May 31, 2013, Maybell filed his *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). On November 21, 2013, Maybell sought to amend his motion (Doc. 2). Maybell's request was granted, and his amended § 2255 motion was filed on December 11, 2013 (Doc. 5). The Government filed its response on March 17, 2014 (Doc. 11). Maybell did not file a reply.

Maybell asks the Court to vacate, set aside, or correct his sentence because:

1) his appellate counsel rendered ineffective assistance of counsel "by not arguing *Carachuri-Rosendo v. Holder*";

2) his sentence was "unconstitutionally enhanced" under *Alleyne v. United States* "by judicial factfinding of facts not found in the charging instrument"; and

3) "prosecutorial misconduct, malicious, vindictive prosecution [misled] the judge to enhance Petitioner's sentence"

(Doc. 5).

## DISCUSSION

28 U.S.C. § 2255 requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States,* 467 F.3d 1063, 1068 (7th Cir. 2006)). It "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted).

### A.  Evidentiary Hearing

As an initial matter, the Court addresses whether to conduct an evidentiary hearing in the case. "A district court need not grant an evidentiary hearing in all § 2255 cases." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). A hearing is not required if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Hutchings v. United States*, 618 F.3d 693, 699-700 (7th Cir. 2010) (citing *Torzala v. United States*, 545 F.3d 517, 525 (7th Cir. 2008)). Additionally, "a hearing is not necessary if the petitioner makes allegations that are "vague, conclusory, or palpably incredible," rather than "detailed and specific." *Bruce*, 256 F.3d at 597. On the other hand, a hearing should be granted if the petitioner "alleges facts that, if proven, would entitle him to relief." *Hutchings,* 618 F.3d at 699 (*citing Sandoval v. United States*,

574 F.3d 847, 850 (7th Cir. 2009)). These specifically detailed facts must be submitted in an affidavit or set forth in a motion signed under penalty of perjury. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

Here, Maybell did not submit an affidavit with his amended § 2255 motion (*see* Doc. 5). Instead, he relies on allegations contained in the amended motion itself, which can only be categorized as vague and conclusory (*see* Doc. 5). Maybell did, however, include an affidavit with his original § 2255 motion (*see* Doc. 1). But even if the Court were to consider that affidavit, none of the allegations contained in it would entitle him to relief. Consequently, an evidentiary hearing is not required.

**B. Ineffective Assistance of Counsel**

Maybell first contends that his appellate counsel was ineffective for failing to argue that he was not eligible for an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) based on the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010) (Doc. 5).

A claim of ineffective assistance of counsel is properly raised in a § 2255 motion because it implicates the Sixth Amendment, which provides criminal defendants the right to counsel. U.S. CONST. amend. VI. "[A]nd inherent in this right is that the defendant is entitled to the *effective* assistance of counsel." *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir. 2009) (citing *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970)) (emphasis added). "To demonstrate that the right to counsel was violated by ineffective assistance, a person challenging a conviction must meet the familiar two-part standard set forth in *Strickland*." *McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)

(citing *Strickland*, 466 U.S. at 688). The petitioner must show that his counsel's performance was deficient, "meaning it fell below an 'objective standard of reasonableness' informed by 'prevailing professional norms.'" *McElvaney*, 735 F.3d at 532 (quoting *Strickland*, 466 U.S. at 688). *See also Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) ("The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." (quoting *Harrington v. Richter*, 562 U.S. 86, 88 (2011))). The petitioner also must show that "his counsel's deficient performance prejudiced him, meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *McElvaney*, 735 F.3d at 532 (quoting *Strickland*, 466 U.S. at 688).

Maybell was eligible for an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) because he violated the Controlled Substance Act by conspiring to distribute crack cocaine "after two or more prior convictions for a felony drug offense [had] become final." According to Maybell, however, based on the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), his two state felony drug offenses do not count as "prior conviction[s] for a felony drug offense[s]" because he was not imprisoned for a term exceeding one year (Doc. 5). Maybell claims his counsel on direct appeal, Hannah Garst, was ineffective for failing to argue the applicability of *Carachuri-Rosendo* to his case (Doc. 5). The Court is unconvinced by Maybell's argument.

In *Carachuri-Rosendo v. Holder*, the petitioner faced deportation based on his second misdemeanor drug possession offense in Texas. *Carachuri-Rosendo v. Holder*, 560

U.S. 563, 566 (2010). The petitioner sought to cancel his deportation under 8 U.S.C. § 1229b(a), which provides that "a lawful permanent resident subject to removal from the United States may apply for discretionary cancellation of removal if . . . he 'has not been convicted of any *aggravated felony*.'" *Carachuri-Rosendo*, 560 U.S. at 566–67 (quoting 8 U.S.C. § 1229b(a)(3)) (emphasis added). The Supreme Court agreed with the petitioner that his simple possession offense did not constitute an aggravated felony for purposes of the Immigration and Nationality Act ("INA").

For a state conviction to qualify as an "aggravated felony" under the INA, the underlying conduct "must be punishable as a felony under federal law"—that is, a crime for which the "maximum term of imprisonment authorized" exceeds one year. *Carachuri-Rosendo*, 560 U.S. at 567. The offender "must also have been *actually convicted* of a crime that is itself punishable as a felony under federal law." *Id.* at 581–82 (emphasis in original) (citing *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006)). With respect to state convictions for simple possession, most convictions, including the petitioner's in *Carachuri-Rosendo*, are only punishable as a federal felony if the prosecutor elects to charge the offender as a recidivist. *Id.* at 567–68. Therefore only recidivist simple possession "might conceivably, be an 'aggravated felony'" under the INA. *Id.* at 568.

The state prosecutor in *Carachuri-Rosendo* declined to charge the petitioner as a recidivist. *Carachuri-Rosendo*, 560 U.S. at 582. Consequently, the state crime for which he was "actually convicted"—simple possession without a recidivist enhancement—was not itself punishable as a felony under federal law. *Id.* at 581–82 (citing *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006)). His crime could not be elevated to a federal felony, much less an

aggravated felony, after the fact simply because the petitioner hypothetically *could have been* charged with recidivist simple possession.

Maybell zeroed in on the holding from *Carachuri-Rosendo* — that when deciding whether a prior conviction is an "aggravated felony" within the meaning of the INA, courts must look at the offense for which the defendant was *actually* convicted, not the offense for which he hypothetically *could have been* convicted. *Carachuri-Rosendo*, 560 U.S. at 576. From that, Maybell extrapolated that when deciding whether a prior conviction is a "felony drug offense" under 21 U.S.C. § 841(b)(1)(A), courts must look at the punishment that was *actually* imposed, not the punishment that *could have been* imposed.

The Seventh Circuit's case law does not support Maybell's argument. For purposes of § 841, a prior offense is a "felony drug offense" only if, among other things, it is "punishable by imprisonment for more than one year under any law of the United States or of a State . . . ." 21 U.S.C. § 802(44); *Burgess v. United States,* 553 U.S. 124, 126 (2008) (holding that § 802(44) is the operable definition of "felony drug offense" for purposes of a § 841 sentencing enhancement). Notably, "felony drug offense" is not defined as an offense that *results in a sentence of* imprisonment for more than one year. Thus the definition makes clear that, contrary to Maybell's argument, the focus is on the potential punishment the offender faced, not the punishment that was actually imposed or served. *See United States v. Stokes*, 351 F. App'x 115, 116 (7th Cir. 2009) ("[A] drug offense need only be punishable by imprisonment for more than one year to qualify as a felony . . . and a sentence of probation does not affect that classification."); *United States*

*v. Mason*, 103 F. App'x 22, 24 (7th Cir. 2004) ("The fact that Illinois may have discharged Mason's felony marijuana convictions is irrelevant to whether they operate as 'prior felony drug offenses' under § 841(b)(1)(A)."); *United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003) ("[T]he fact that Graham received probation [for possession of a controlled substance] that was later discharged does not alter the fact that he possesses a prior drug-related felony conviction qualifying him for the enhancement under § 841(b)(1)(B).").

Under Illinois law, Maybell's prior state convictions for possession of crack cocaine were Class 4 felonies punishable by up to three years' imprisonment. *See* 720 ILL. COMP. STAT. 570/402(c), 730 ILL. COMP. STAT. 5/5-4.5-45(a). Therefore, unlike the petitioner in *Carachuri-Rosendo*, Maybell was actually convicted of a felony under Illinois law, and he actually faced a maximum penalty of three years' imprisonment. It is immaterial that Maybell was not sentenced to and did not actually serve a term of imprisonment of more than one year. As a result, Maybell's prior convictions fall within the definition of "felony drug offense" for the purposes of an enhanced sentenced under § 841(b)(1)(A). The Court has no reason to believe that *Carachuri-Rosendo* changes the analysis for an enhanced federal sentence based on prior Illinois convictions or offers Maybell any basis for relief. *See Clark v. United States*, No. 13-CV-1026, 2013 WL 3032602, at *4 (C.D. Ill. June 17, 2013) (finding *Carachuri-Rosendo* did not affect petitioner's enhanced sentence based on prior conviction for possession of a controlled substance in violation of 720 ILL. COMP. STAT. 570/402); *Ford v. United States*, No. 12-CV-2090, 2012 WL 2370678, at *2 (C.D. Ill. June 21, 2012) (same). *See also Stewart v. Warden*,

*FCC Coleman-Low*, 589 F. App'x 934, 937 (11th Cir. 2014) ("[Carachuri-Rosendo's] ultimate holding that non-recidivist simple drug possession could not be an 'aggravated felony' has no bearing on whether such an offense could be a 'felony drug offense' under 21 U.S.C. § 841."); *Gargano v. United States*, No. 02 CR. 516 JFK, 2014 WL 1725736, at \*4 (S.D.N.Y. Apr. 30, 2014) (explaining why *Carachuri-Rosendo* has no bearing on the petitioner's enhanced federal sentence based on prior New Jersey convictions).

Accordingly, Ms. Garst's performance was not deficient when she failed to argue that Maybell was entitled to relief under *Carachuri-Rosendo*. And there is no reasonable likelihood that but for Ms. Garst's failure the outcome of Maybell's appeal would have been different. Thus, Maybell's claim for ineffective assistance of counsel must be denied.

## C.  Applicability of *Alleyne*

Maybell next contends that his sentence "was unconstitutionally enhanced by judicial factfinding of facts not found in the charging indictment" (Doc. 5). Maybell did not indicate which facts he was talking about, but the Court believes it was Judge Murphy's finding that Maybell continued his involvement in the charged conspiracy after his second Illinois conviction for a felony drug offense became final in February 2008. This finding meant that Maybell had two prior felony drug convictions, which increased the statutory minimum penalty he faced from 20 years' imprisonment to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Apparently, Maybell thinks a jury was required to make that finding under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). *See id.* at 2161–63 (holding that any factual determination that increases the statutory

mandatory minimum term to which a defendant is subject must be charged in the indictment and proven beyond reasonable doubt to the factfinder).

The Government points out that there are a number of problems with Maybell's argument (Doc. 11). But the Court thinks it is only necessary to address the argument that presents the clearest impediment to Maybell's claim: *Alleyne* was not decided until June 2013, which was almost two years after Maybell was sentenced. Therefore, the only way Maybell might be entitled to relief under *Alleyne* is if its holding was declared retroactive on collateral review. The Supreme Court has not held that *Alleyne* applies retroactively to cases on collateral review. But the Seventh Circuit, and every other appellate court that has considered the issue, has concluded that *Alleyne* does not apply retroactively. *Poe v. LaRiva*, 834 F.3d 770, 773 (7th Cir. 2016); *Davis v. United States*, 817 F.3d 319, 326 (7th Cir. 2016); *Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015) (collecting cases from other circuits), *cert. denied*, 136 S. Ct. 424 (2015).

Thus, *Alleyne* cannot provide Maybell with any relief, and this claim also must be denied.

## D. Prosecutorial Misconduct

Maybell's last claim is that the Government engaged in prosecutorial misconduct (Doc. 5). Specifically, Maybell claims the Government used "a trick, scheme and device and an affirmative misrepresentation" to "mislead the judge to enhance [Maybell's] sentence" (Doc. 5).

Maybell's claim of prosecutorial misconduct could have and should have been raised on direct appeal. *See, e.g., Chappell v. United States*, 956 F.2d 272 (7th Cir. 1992). He

is therefore barred from raising the claim in a § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting from it. *Id.* In his § 2255 petition, however, Maybell makes no attempt to explain his failure to raise this issue on direct appeal (*see* Doc. 5). Maybell also does not specify which documents or statements presented by the prosecutor were false or misleading. His vague and unsupported allegations are not enough to warrant further inquiry into whether relief under § 2255 is warranted. For these reasons, this claim can be summarily denied.

In conclusion, none of Maybell's arguments convince the Court that he is entitled to relief under § 2255.

## CERTIFICATE OF APPEALABILITY

Should Maybell desire to appeal this Court's ruling dismissing his motion, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Maybell need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 338 (2003). If the district court denies the

request, a petitioner may request that a circuit judge issue the certificate of appealability. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Maybell has not stated any grounds for relief under § 2255, and reasonable jurists could not debate that conclusion. Thus, Maybell has not made "a substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

CONCLUSION

Bryant Maybell's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 5) is **DENIED**. The Court **DECLINES** to issue a certificate of appealability. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  February 10, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**